[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This presentment is made by the Statewide Grievance Committee pursuant to Practice Book Section 28 B.1 seeking to discipline Francis Michael Donnarumma, an attorney admitted to the bar of this state on October 4, 1978. On March 17, 1992, Mr. Donnarumma admitted to failing to report twenty-five thousand dollars of income in his 1989 federal income tax return and entered a guilty plea to this crime, a felony offense under federal law. Thereafter, on June 24, 1992, before the U.S. District Court, the Honorable T.F. Gilroy Daly sentenced him for his violation of26 U.S.C. § 7206(1) to seven months in jail and one year supervised release, which will terminate on December 22, 1993. Although Judge Daly subsequently modified this sentence to allow Mr. Donnarumma to serve the last two months of his incarceration in home confinement, the supervised release termination date was not modified and still remains December 22, 1993. CT Page 2306
Having been convicted of a felony, Mr. Donnarumma timely notified the Statewide Bar Counsel, as was his obligation under Practice Book Section 28 B.1, since its revision of October 1, 1990. This presentment followed as is mandated under that provision of the practice book, for the court to determine "the extent of the final discipline to be imposed." P.B. 28 B.1. Since July 17, 1992, Mr. Donnarumma did voluntarily withdraw from the practice of law and then on October 13, 1992, he entered into a further voluntary interim stipulation with this court not to engage in the practice of law.
It is not the objective of this court in this proceeding to punish the respondent, but to preserve the courts "from the official administration of persons unfit to practice in them." Statewide Grievance Committee v. Rozbicki, 211 Conn. 232, 238. It is the protection of the court which is the primary focus of this proceeding. Id. at 238. To this end, this court may impose sanctions ranging from disbarment to a specified period of suspension or it can impose merely a reprimand. This court possesses the "inherent authority to regulate attorney conduct and to discipline members of the bar." Pinsky v. Statewide Grievance Committee, 216 Conn. 228, 232. See Grievance Committee v. Goldfarb, 9 Conn. App. 464, 474. The parties agree, and this court concurs, that if the court elects to suspend the respondent, it is not bound to the minimum periods of suspensions mandated by C.G.S. 51-91a(c) since that statute only applies to felony convictions under Connecticut law.
In considering the appropriate sanction, the respondent urges that the court be guided by the ABA Standards for "Lawyers Sanctions", even though they have not been adopted in this state. The petitioner does not object to court's consideration of these guideposts and has even provided the court with a copy of same, but also asks that the court consider the aggravating factors, specifically the involvement of this respondent with the former mayor of the City of Waterbury and the related municipal corruption in that city.
In its consideration of an appropriate sanction, the court must first weigh the offense that has given rise to this presentment. The respondent's intentional failure to report income is in and of itself a serious matter, which in this case was aggravated by the circumstances involved in the Waterbury municipal corruption case, and further aggravated by the position held by the respondent as an officer of this court. The penalty CT Page 2307 imposed by Judge Daly is testimony itself of the seriousness of the offense. On the other hand, and in no way diminishing that wrong, the court notes that this transgression neither involves a client nor the court. The court must also look at the other mitigating factors.
Up and until the time of this conviction, Mr. Donnarumma was a respected member of the Bar who enjoyed the highest respect of his colleagues and clients. The court was impressed with the testimony of the respondent's sister and brothers at the bar and his former clients who all spoke of his dedication to his profession. Mr. Donnarumma was active in many community, religious and civic affairs, and until the time of this unfortunate incident, lead and exemplary life. The court is convinced that the respondent recognized his wrong and in repentance, voluntarily contacted the U.S. Attorney's office to admit his crime and to offer his full cooperation to that authority. The testimony of assistant U.S. Attorney Holly Fitzsimmons as to Mr. Donnarumma's cooperation with the federal authorities, his truthfulness and his sense of obligation to the government was most impressive to the court. In addition, the court was no less impressed with the testimony of F.B.I. Agent Michael Clark, who testified that for a four month period of time, he had almost daily contact with Mr. Donnarumma and he was the most cooperative witness he has ever encountered.
In considering all of the circumstances of this case, and balancing the aggravating and the mitigating factors, the court is convinced that the wrong committed by Mr. Donnarumma was an aberration and there is little risk to the court that it will happen in the future. However, for the protection of this court, it is inappropriate and it is not in its best interests, that while under the supervision of the Federal Court pursuant to a sentence of that court, the respondent be permitted to act as an officer of this court. Therefore, this court will suspend Mr. Donnarumma's privilege to practice law in this state concurrent with the time he shall remain on supervised release under his sentence imposed by the U.S. District Court, District of Connecticut, Docket No. 3-92CR00024 TFGD. It is further ordered that providing Mr. Donnarumma has not violated any of the conditions of his supervised release pursuant to the sentence above mentioned and absent any notification to this court of any violation of his supervised release by the Federal Authorities prior to December 22, 1993, then this suspension shall automatically terminate on December 23, 1993, and Mr. Donnarumma's CT Page 2308 privileges to resume the practice of law within the State of Connecticut shall be restored as of that date, December 23, 1993, and he shall be reinstated as an officer of this court as well, without the necessity of any further proceedings.
PELLEGRINO, J.